UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Maurice A. Brown, *on behalf of K.A.B.*, | Case No. 25-cv-2206 (DSD/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Diane Bagley, *Rice Lake Principal*; Timothy D. Gilbert, *IEP Manager of Rice Lake*; Maple Grove School District 279 of Osseo; Kim Heil, *Dr. – Superintendent;* and Rice Lake Elementary, *School District 279*, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Maurice A. Brown's complaint ("Complaint") (ECF No. 1) and motion to appoint counsel ("Motion to Appoint Counsel") (ECF No. 3).[1] For the reasons explained below, the Court directs Mr. Brown to file an amended complaint by **July 28, 2205** and will refer him to the Federal Bar Association's Pro Se Project so that he can potentially consult with a volunteer attorney.

Mr. Brown resides in Brooklyn Park, Minnesota, and brings this action *pro se* "on behalf of [his] son," seven-year-old K.A.B., and himself. (*See* ECF No. 1 at 1, 5.[2]) The Complaint names five defendants: Rice Lake Elementary ("Rice Lake," K.A.B.'s school); Dion Bagley, Rice Lake's

---

[1] Mr. Brown also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 2). The Court will consider that motion after Mr. Brown files an amended complaint.

[2] Because the Complaint's pages are not numbered consecutively, this Order cites to the page numbers assigned by the District's CM/ECF electronic-filing system.

principal; Timothy D. Gilbert, its IEP[3] manager; Maple Grove School District 279 of Osseo (the "School District"), which appears to be the school district that includes Rice Lake; and Kim Heil, the School District's superintendent. (*See id.* at 1–2.)

Mr. Brown appears to allege that staff at Rice Lake, particularly Defendant Bagley, made an unjustified change to K.A.B.'s school transportation in early March 2025. (*See, e.g.*, *id.* at 6-7.) At a meeting that month, Defendant Bagley allegedly pressured Mr. Brown, who did not have his glasses and did not know what he was signing, to sign a form moving K.A.B. from his regular bus to a special-needs van. (*See id.* at 6-10.) According to the Complaint, the change was based on a report that K.A.B. had assaulted a schoolmate on the bus. (*See id.* at 6-7.) K.A.B. denied any assault, and Mr. Brown asked Defendant Bagley to review video footage from the bus. (*Id.* at 7.) Mr. Brown alleges Defendant Bagley later acknowledged that the footage showed nothing, yet she left the transportation change in place. (*Id. at* 8.) Mr. Brown claims the initial meeting and the resulting decision to change K.A.B.'s transportation violated IEP procedures under the Individuals with Disabilities Education Act ("IDEA"), particularly when subsequent, valid IEP meetings on March 14 and April 11 confirmed that no assault occurred. (*Id.* at 10.) Mr. Brown further alleges Defendants failed to address his concern that K.A.B. himself was attacked on the special-needs van. (*Id.*at 8–11.) Mr. Brown also asserts that the School District ignored his April 2025 written complaint against Defendant Bagley and failed to act on the van driver's report that K.A.B. was assaulted, disrupting school routines for both K.A.B. and Mr. Brown's daughter. (*See id.* at 6, 11.)

The Complaint presents two threshold problems. First, Mr. Brown does not appear to be an attorney. The U.S. Court of Appeals for the Eighth Circuit has held that nonlawyers may not

---

[3] Mr. Brown presumably uses "IEP" as an abbreviation for "individualized education plan" under 20 U.S.C. § 1401(14).

represent other parties in federal court. *See Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citing cases); *see also, e.g.*, *Aspley v. Walz*, No. 22-CV-2005 (PJS/JFD), 2023 WL 1071550, at *2 (D. Minn. Jan. 27, 2023) (citing *Jones*), *aff'd*, No. 23-1567, 2023 WL 9113960 (8th Cir. June 20, 2023). Therefore, Mr. Brown cannot assert claims on K.A.B.'s behalf.

Mr. Brown appears to seek relief not only on behalf of K.A.B., but also on behalf of himself. (*See* ECF No. 1 at 5.) Some of Mr. Brown's claims fall under the IDEA, and the Supreme Court has explained that a nonattorney parent can assert claims "on his own behalf" to protect "his rights" under that statute. *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007); *see also, e.g.*, *Stevens ex rel. D.S. v. Ritenour Sch. Dist.*, No. 22-CV-1181 (JAR), 2023 WL 3620568, at *5 (E.D. Mo. May 24, 2023) (citing *Winkelman*), *aff'd*, No. 23-2344, 2023 WL 8358596 (8th Cir. Aug. 25, 2023). But any IDEA claims that Mr. Brown might have face a separate hurdle: before bringing IDEA claims in federal court, a parent first must exhaust the statute's administrative remedies. *See, e.g.*, *J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 592 (8th Cir. 2013) (citing 20 U.S.C. § 1415(i)(2)(A)); *I.E.C. v. Minneapolis Pub. Sch., Special Sch. Dist. No. 1*, 34 F. Supp. 3d 1006, 1017 (D. Minn. 2014) (citing *Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D.*, 88 F.3d 556, 560 (8th Cir. 1996)). Nothing in Mr. Brown's current filings shows that he has completed that administrative process.

Given these concerns, the Court encourages Mr. Brown to file an amended complaint that, at a minimum, explains in greater detail how he has exhausted the IDEA's administrative remedies. He must file any amended complaint by **July 28, 2025**. If Mr. Brown does not file an amended complaint, the Court will review the case and Mr. Brown's IFP Application (ECF No. 2) based on the current Complaint (ECF No. 1).

The Court also denies Mr. Brown's Motion to Appoint Counsel (ECF No. 3) without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Whether to appoint counsel in a proceeding like this is "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). A court addressing an appointment decision considers several factors, including: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases). Although some of these factors may favor Mr. Brown, it is unclear whether his case may proceed at all in its current form. The Court therefore declines to appoint counsel at this stage in the proceedings.

Notwithstanding, the Court will refer Mr. Brown by separate letter to the Pro Se Project ("PSP") for assistance drafting an amended complaint. The PSP is a partnership between the United States District Court for the District of Minnesota and the Minnesota Chapter of the Federal Bar Association. Litigants referred to the PSP may meet with a volunteer attorney, but Mr. Brown should understand that the referral does not guarantee representation.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Maurice A. Brown must file an amended complaint in this action by **July 28, 2025**. If he does not do so, the Court will assume he intends to rely on the current Complaint (ECF No. 1).

2. Mr. Brown's motion for appointment of counsel (ECF No. 3) is **DENIED** without prejudice.

3.     By a separate letter, the Court will refer Mr. Brown to the Federal Bar Association's Pro Se Project for potential consultation with a volunteer attorney.

Dated: May 27, 2025                  *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge